J-S36001-21

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| MONICA RIVERA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS CARLOS GUTIERREZ | : | |
| | : | |
| Appellant | : | No. 1085 EDA 2021 |

Appeal from the Judgment of Sentence Entered April 29, 2021
In the Court of Common Pleas of Delaware County Civil Division at
No(s): 2018-80346

BEFORE: LAZARUS, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 24, 2022**

Luis Carlos Gutierrez ("Gutierrez") appeals from the judgment of sentence, entered in the Court of Common Pleas of Delaware County, following his conviction for indirect criminal contempt[1] after he violated a Protection from Abuse (PFA) order. We affirm.

On September 17, 2017, Monica Rivera ("Rivera") obtained a final PFA Order (2017 PFA Order) against Gutierrez in the Lehigh County trial court for the benefit of herself and two minor children, one of whom is also Gutierrez's daughter. The 2017 PFA Order was effective from September 12, 2017 through September 11, 2020. In relevant part, the 2017 PFA Order states

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 23 Pa.C.S. § 6114(a) (Contempt for violation of order or agreement).

that Gutierrez, "shall not abuse, harass, stalk or threaten" protected individuals. On March 12, 2018, the 2017 PFA Order was registered with the Delaware County Court of Common Pleas. On August 23, 2018, the 2017 PFA Order was amended by the Honorable Linda A. Cartisano, adding that "all text messages are limited to emergency pick up and drop off times only."[2] Trial Court Order, 8/23/2018.

On January 18, 2020, Rivera reported to Haverford Police that there was a PFA order in place against Gutierrez. Affidavit of Probable Cause, 1/18/20, at 1. Rivera reported that Gutierrez called her from blocked phone numbers and left threatening voicemails. Gutierrez also sent text messages to Rivera that Rivera perceived as threatening. Affidavit of Probable Cause, 1/18/20. That same day, Haverford Police charged Gutierrez with indirect criminal contempt for violating the PFA Order. 23 Pa.C.S. § 6114(a); Affidavit of Probable Cause, 1/18/20.

On April 29, 2021, the trial court conducted a trial, after which it convicted Gutierrez of indirect criminal contempt and sentenced him to 6 months of probation. On May 27, 2021, Gutierrez filed a timely notice of appeal. Gutierrez raises the following issue on appeal:

> Whether the evidence is insufficient to sustain the conviction for indirect criminal contempt since the prosecution at trial failed to

---

[2] The 2017 PFA Order and 2018 Amendment together will be referred to as "PFA Order."

prove beyond a reasonable doubt that the terms of the protection from abuse order were sufficiently definite, clear, and specific, especially where the order at issue was never introduced into evidence?

Appellant's Brief, at 5.

Our standard and scope of review are well settled:

The standard applied in reviewing the sufficiency of the evidence is whether, viewing all the evidence in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak[,] that as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of [] proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier[-]of[-]fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Pappas*, 845 A.2d 829, 835-836 (Pa. Super. 2004).

To establish indirect criminal contempt, the Commonwealth must prove: (1) the order was sufficiently definite, clear, and specific to the contemnor as to leave no doubt of the conduct prohibited; (2) the contemnor had notice of the order; (3) the act constituting the violation must have been volitional; and

(4) the contemnor must have acted with wrongful intent. ***Commonwealth v. Ashton***, 824 A.2d 1198, 1203 (Pa. Super. 2003); 23 Pa.C.S. § 6114.

Gutierrez challenges only the first element, claiming the PFA Order was not sufficiently definite, clear, and specific because (1) the PFA Order was not introduced into evidence, and (2) the PFA Order was not read or explained to Gutierrez. Appellant's Brief, at 13-14.

First, Gutierrez argues the PFA Order was not introduced into evidence at trial and thus cannot be definite, clear and specific as to leave no doubt of the conduct prohibited. Appellant's Brief, at 4, citing ***Interest of D.S.***, 622 A.2d 854, 959 (Pa. Super. 1993). The Commonwealth counters that the PFA Order was made part of the record because Gutierrez stipulated to its terms and to receiving notice. Appellee's Brief, at 11, citing N.T. Trial 4/29/21, at 3-4.

> DISTRICT ATTORNEY: I believe that there would be a stipulation that there was notice and an active PFA at the end of [] December of 2019 when this was alleged to have accrued.
>
> DEFENSE COUNSEL: That's correct.

N.T. Trial, 4/29/21, at 3. The record reflects that Gutierrez stipulated to the notice, terms, and effective date of the PFA Order. Having done so, Gutierrez cannot now claim that the order was not sufficiently definite, clear, and specific simply because it was not introduced into evidence. ***See Tyler v. King***, 496 A.2d 16, 21 (Pa. Super. 1985) ("The court will hold a party bound to his stipulation: concessions made in stipulations are judicial admissions, and

accordingly may not later in the proceeding be contradicted by the party who made them.").

Second, Gutierrez argues there is no evidence showing the conditions of the PFA Order were read or explained to him. Indeed, we agree with the trial court that a party to a PFA order is presumed to have read the contents of that order and therefore is held responsible for complying with it. *Commonwealth v. Walsh,* 36 A.3d 613, 619 (Pa. Super. 2012). Here, where Gutierrez stipulated to the PFA Order, his argument that the terms of the order should have been read to him is meritless.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, the evidence is sufficient to support Gutierrez's conviction of indirect criminal contempt. *Pappas*, *supra*. Accordingly, we affirm Gutierrez's judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/24/2022*